UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

CLAUDIA BOVA

                                          Plaintiff,   **COMPLAINT AND**
            -against-                                **JURY DEMAND**

THE CITY OF NEW YORK, POLICE OFFICER JOSEPH
RYAN SHEILD #6479, AND JOHN DOE #1,
                                     Defendants.   ECF CASE



------------------------------------------------------------------- x

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which plaintiff seeks relief for the violation of her rights secured by 42 U.S.C. §1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2.  The claims arise from a June 14, 2007 incident in which an officer of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, among other things, illegal and improper search and a violation of her right to privacy.

3.  Plaintiff seeks monetary damages (special, compensatory, and punitive) against defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4.  This action is brought pursuant to 28 U.S.C. §1331, 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution. Pendent party jurisdiction and supplementary jurisdiction over plaintiff's state law claims are asserted.

5.  The amount in controversy exceeds $75,000.00 excluding interest and costs.

6. Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and the events occurred within, the boundaries of the Eastern District of New York.

## PARTIES

7. Plaintiff is a citizen of the United States and at all times here relevant resided in Kings County, City and State of New York.

8. The City of New York is a municipal corporation organized under the laws of the State of New York.

9. All other individual defendants ("the officers"), including John Doe #1, individuals whose names are currently unknown to plaintiff, are employees of the NYPD, and are sued in their individual capacities.

10. At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

11. On June 14, 2007, plaintiff was arrested by Brooklyn South Narcotics Bureau in connection with an NYPD drug sale investigation. Plaintiff is currently in a drug treatment program. When she successfully completes the program, the charges against her will be dismissed.

12. On the day of her arrest, plaintiff was twenty one years old. While at the precinct for the arrest processing, she was told by a defendant officer that he would have to conduct a body search because there were no female officers available. The male officer handcuffed plaintiff and took her into the bathroom within the precinct and ordered her to lift her shirt up and shake

out her bra. He then asked her to pull down her pants and turn around. Plaintiff complied. After that initial search in the bathroom, plaintiff was returned to the interview room.

13. Back in the interview room, the same male officer explained to the plaintiff that he noticed during the search that she had a tattoo. He explained that he would need to photograph the tattoo for identification purposes. Plaintiff was taken back to the bathroom in handcuffs and the officer asked her to pull her pants down again to reveal the tattoo which is located on her stomach below her waist. The officer took several photographs. Plaintiff was then returned to the interview room.

14. After some time passed, the officer returned and explained the District Attorney was demanding that he search plaintiff again. The same male officer again escorted plaintiff to the bathroom, ordered her to lift up her shirt, shake out her bra, pull down her pants and turn around. Plaintiff complied. The officer explained that the photos he had taken earlier of her tattoo did not come out well and he would probably come back again to take more photos. Plaintiff was returned to the room.

15. The male officer returned again and explained he could no longer locate the camera and would have to take more photos with his cell phone camera. He again escorted plaintiff to the bathroom and had her pull her pants down exposing her intimate parts. He took several photos with the cell phone. Plaintiff was returned to the room. Eventually, she was transferred to Central Booking.

16. After her release, plaintiff reported the improper searches and photograph taking to the Internal Affairs Bureau and the Kings County District Attorney's Office. She has never been notified of the result of their investigation.

17. At all times during the events described above, the defendant police officers were

engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff, and agreed, shortly after the incident, not to report each others' illegal actions and to fabricate a story and falsely charge plaintiff with offenses, to justify the injuries.

18. During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

19. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

   a. Violation of her rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable search and seizure;

   b. Violation of her right to Due Process of Law under the Fourteenth Amendment to the United Stated Constitution;

   c. Violation of her New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

   d. Violation of her New York State Constitutional right under Article 1, Section 6 to Due Process of Law;

   e. Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

## FIRST CAUSE OF ACTION
(42 U.S.C. § 1983)

20. The above paragraphs are here incorporated by reference.

21. Defendants acted under color of law and conspired to deprive plaintiff of her civil, constitutional and statutory rights to be free from unreasonable search and seizure and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, and are liable to plaintiff under 42 U.S.C. §1983.

22. Under the Fourth Amendment, plaintiff has a privacy interest in her unclothed body. Defendants improperly strip searched plaintiff and failed to intervene in each other's obviously illegal actions. Defendants also violated plaintiff's right to privacy by improperly and repeatedly photographing her intimate body parts.

23. Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
(MUNICIPAL LIABILITY)

24. The above paragraphs are here incorporated by reference.

25. The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

26. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

27. The aforesaid event was not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review

Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers use excessive force, unlawfully search and seize citizens, including specifically strip searches, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

28. For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

29. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

30. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

31. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal. Furthermore, although the City has been on notice, through plaintiff's complaints to the Internal Affairs Bureau and the Kings County District Attorney Office, the City has failed to remedy the wrong.

32. Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A. In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B. Awarding plaintiff punitive damages in an amount to be determined by a jury;

C. Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this

Case 1:09-cv-05436-ENV -RER   Document 1   Filed 12/11/09   Page 8 of 8

action; and

    D.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:    Brooklyn, New York
December 4, 2009

TO:    New York City
Corporation Counsel Office
100 Church Street, 4th floor
New York, NY  10007

Detective Joseph Ryan
Narcotics Bureau Staten Island
1 Police Plz.
New York, NY  10007

Very truly yours,

*Nicole Bellina*

Stoll, Glickman & Bellina, LLP
By: Nicole Bellina (NB7154)
Attorney for Plaintiff
71 Nevins Street
Brooklyn, NY  11217
(718) 852-4491
nicole_bellina@yahoo.com